11/8/2019 1:36:50 PM
Marilyn Burgess – District Clerk
Harris County
Envelope No: 38346770
By: HALL, JOSHUA E
Filed: 11/8/2019 1:36:50 PM

**CIVIL PROCESS REQUEST**

*2019-81520 / Court: 152*

FOR EACH PARTY SERVED YOU MUST FURNISH 1 COPY OF THE PLEADING
FOR WRITS FURNISH 2 COPIES OF THE PLEADING PER PARTY TO BE SERVED

**CASE NUMBER:** _____  **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED:** <u>Plaintiff's Original Petition</u>

**FILE DATE OF MOTION:** _____

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served)**:**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

1.       NAME: TanMar Rentals, LLC, 800 Brazos, Ste 400, Austin, TX 78701-2538

ADDRESS: 206 E. 9th St, Ste. 1300, Austin, TX 78701-4411

AGENT, (*if applicable*): Capital Corporate Services, Inc.

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** _____

**SERVICE BY:**

__ ATTORNEY PICK UP             __ CONSTABLE
__ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____ Phone: _____
xxx **Certified MAIL**                      __ OUT OF COUNTY
__PUBLICATION:
   Type of Publication:    __ COURTHOUSE DOOR, or
                           __ NEWSPAPER OF YOUR CHOICE: _____
__OTHER, *explain* _____

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

2.       NAME: TanMar Companies, LLC, 302 Unatex Rd, Eunice, LA 70535

c/o Brian J. Tanner, Registered Agent

ADDRESS: 1019 Brazos St, Austin, TX 78701

AGENT, (*if applicable*): Secretary of State

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** Citation

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** _____

**SERVICE BY:**
__ ATTORNEY PICK UP             __ CONSTABLE
xxx CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____ Phone: _____
__ MAIL                         xxx OUT OF COUNTY
__PUBLICATION:
   Type of Publication:    __ COURTHOUSE DOOR, or
                           __ NEWSPAPER OF YOUR CHOICE: _____
__OTHER, *explain* _____

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

3.       NAME: TanMar Communications, LLC, 302 Unatex Rd, Eunice, LA 70535

c/o Brian J. Tanner, Registered Agent

ADDRESS: 1019 Brazos St, Austin, TX 78701

AGENT, (*if applicable*): Secretary of State

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** Citation

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** _____

**SERVICE BY:**
__ ATTORNEY PICK UP             __ CONSTABLE
xxx CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____ Phone: _____
__ MAIL                         xxx OUT OF COUNTY
__PUBLICATION:

**EXHIBIT**

**B**

Type of Publication:      __ **COURTHOUSE DOOR**, or
                          __ **NEWSPAPER OF YOUR CHOICE**: _____
__**OTHER**, *explain* _____

---

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: Robert D. Brown        TEXAS BAR NO./ID NO.  03164715

MAILING ADDRESS:  Donato, Minx, Brown & Pool, P.C., 3200 Southwest Freeway, Ste. 2300, Houston, TX 77027.

PHONE NUMBER: 713- 877-1112              FAX NUMBER: 713-877-1138

EMAIL ADDRESS:  bbrown@donatominxbrown.com



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 26, 2020

Certified Document Number:        88010559 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

11/8/2019 1:36 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38346770
By: Joshua Hall
Filed: 11/8/2019 1:36 PM

## *2019-81520 / Court: 152*

CAUSE NO. _____

| | | |
|---|---|---|
| TEXAS PETROLEUM INVESTMENT COMPANY | § § § § § | IN THE DISTRICT COURT OF |
| v. | § § | HARRIS COUNTY, TEXAS |
| TANMAR RENTALS, LLC, TANMAR COMPANIES, LLC and TANMAR COMMUNICATIONS, LLC | § § § § | _____ JUDICIAL DISTRICT COURT |

### **TEXAS PETROLEUM INVESTMENT COMPANY'S ORIGINAL PETITION, REQUESTS FOR DISCLOSURE AND JURY DEMAND**

COMES NOW, Plaintiff TEXAS PETROLEUM INVESTMENT COMPANY (hereinafter "TPIC") complaining of TANMAR RENTALS, LLC, TANMAR COMPANIES, LLC and TANMAR COMMUNICATIONS, LLC (hereinafter, collectively, "TANMAR"). TPIC would show the Court as follows:

### I.
### PARTIES

1. Plaintiff Texas Petroleum Investment Company is incorporated under the laws of the State of Texas and maintains its principal offices in Harris County, Texas.

2. Defendant TanMar Rentals, LLC is a foreign limited liability company that maintains a place of business at 800 Brazos, Ste. 400, Austin, TX 78701-2538. This defendant may be served with Service of Process on its registered agent, Capital Corporate Services, Inc., 206 E. 9th Street, Ste. 1300, Austin, TX 78701-4411.

3. Defendant TanMar Companies, LLC is a foreign limited liability company that maintains a place of business at 302 Unatex Rd, Eunice, LA 70535 as well as at multiple locations throughout Texas. TanMar Companies, LLC regularly conducts

business in the State of Texas but maintains no registered agent in Texas. These proceedings arise out of business done in the State of Texas by TanMar Rental Companies, LLC. TanMar Companies, LLC may be sued through the Texas Secretary of State pursuant to Tex. Civ. Prac. & Rem. Code § 17.044(b). The Secretary of State is requested to serve TanMar Companies, LLC c/o its registered agent, Brian J. Tanner, 302 Unatex Rd, Eunice, LA 70535.

4.      Defendant TanMar Communications, LLC is a foreign limited liability company that maintains a place of business at 302 Unatex Rd, Eunice, LA 70535 as well as at multiple locations throughout Texas. TanMar Communications, LLC regularly conducts business in the State of Texas but maintains no registered agent in Texas. These proceedings arise out of business done in the State of Texas by TanMar Communications, LLC. TanMar Communications, LLC may be sued through the Texas Secretary of State pursuant to Tex. Civ. Prac. & Rem. Code § 17.044(b). The Secretary of State is requested to serve TanMar Communications, LLC c/o its registered agent, Brian J. Tanner, 302 Unatex Rd, Eunice, LA 70535.

**II.**
**JURISDICTION & VENUE**

5.      This Court has subject matter jurisdiction because Plaintiffs seek damages in excess of the Court's minimum jurisdictional limits. All TANMAR entities sued herein regularly conduct business in the State of Texas so that the exercise of general jurisdiction over them is appropriate. Further, this lawsuit arises directly out of business conducted by TANMAR within the State of Texas and the injured employee of TANMAR at issue in this lawsuit was employed by TANMAR and working for TANMAR in Texas at the time of

the accident giving rise to these proceedings.  Thus, specific jurisdiction also exists over these proceedings.

6.      This lawsuit is brought against TANMAR as a result of TANMAR's breach of contractual duties owed to TPIC to indemnify and protect it against a lawsuit on file styled *Ashton Ray Harp v. Big "6" Drilling Company et al*, Cause No. 2019-52955 in the 234th Judicial District Court of Harris County, Texas (hereinafter "*Harp* lawsuit").  TPIC disputes and denies all allegations made against it in the *Harp* lawsuit.  The *Harp* lawsuit seeks monetary relief over $1,000,000.  To that extent, more than $1,000,000 is in dispute in this matter.

7.      Venue is appropriate in Harris County, Texas as the *Harp* lawsuit at issue in TPIC's indemnification demand is pending in Harris County, Texas.  Consequently, all or a substantial amount of the events relevant to this lawsuit occurred in Harris County, Texas.  TPIC further is domiciled in Harris County Texas.

### III.
### DISCOVERY CONTROL PLAN

8.      TPIC requests this case be conducted under a Level III discovery plan as set forth within Tex. R. Civ. P. 190.4.

### IV.
### FACTS

9.      Ashton Ray Harp was working on at the Mattie Mercer # 1H well rig in Caldwell County near Luling, TX when he was struck by a joint of falling drill pipe.  The accident occurred March 16, 2019.  He suffered personal injury, the severity of which is disputed.  Harp subsequently filed a personal injury lawsuit styled *Ashton Ray Harp v. Big "6" Drilling Company et al*, Cause No. 2019-52955 in the 234th Judicial District Court of

3

Harris County, Texas.  Harp sued TPIC and a drill contractor named Big "6" Drilling Company alleging they are legally liable for his injuries.  These allegations are disputed and denied by TPIC.

10.    At the time of the occurrence Harp was working as an employee of TANMAR and was present at the Mattie Mercer #1H well subject to the terms and conditions of a Master Services Agreement between TPIC and TANMAR dated December 16, 2015 (hereinafter "TPIC/TANMAR MSA").  The TPCI/TANMAR MSA contained various terms and conditions relevant to the *Harp* lawsuit and at issue in this instant lawsuit, among them:

7.    INDEMNITY

7 .1    In order to allocate respective responsibilities of Company and Contractor for liabilities arising out of personal injury or property damage, it is agreed between Company and Contractor that certain responsibilities and liabilities for personal injuries and property damage arising out of the performance of this Agreement should be allocated between them in order to avoid protracted litigation between Company and Contractor along with the associated legal expenses and so that insurance or self-insurance may be arranged by each party as necessary to protect them against exposure to loss. The following sets out the specifics of the agreements between Company and Contractor as to the allocation of the responsibilities and liabilities.

7.2    CONTRACTOR AGREES TO RELEASE, PROTECT, DEFEND, INDEMNIFY AND HOLD HARMLESS COMPANY, ITS OFFICERS, DIRECTORS, EMPLOYEES, JOINT OWNERS, AND THEIR INVITEES, AND ANY CUSTOMER FOR WHOM COMPANY IS PERFORMING SERVICES (HEREINAFTER COLLECTIVELY REFERRED TO AS "COMPANY GROUP") AND ALL OF COMPANY GROUP'S INSURERS, FROM· AND AGAINST ALL CLAIMS, DEMANDS, AND CAUSES OF ACTION OF EVERY KIND AND CHARACTER WITHOUT LIMIT AND WITHOUT REGARD TO THE CAUSE OR CAUSES THEREOF OR THE

4

NEGLIGENCE, BREACH OF CONTRACT OR WARRANTY, OR FAULT (ACTIVE OR PASSIVE) OF ANY PARTY OR PARTIES INCLUDING THE SOLE, JOINT OR CONCURRENT NEGLIGENCE, INCLUDING GROSS NEGLIGENCE, OF COMPANY GROUP, ANY THEORY OF STRICT LIABILITY OR STATUTORY LIABILITY AND DEFECT OF PREMISES, OR THE UNSEAWORTHINESS OF ANY VESSEL (WHETHER OR NOT PREEXISTING THE DATE OF THIS CONTRACT), ARISING IN CONNECTION HEREWITH IN FAVOR OF CONTRACTOR, CONTRACTOR'S EMPLOYEES, CONTRACTOR'S SUBCONTRACTORS OR THEIR EMPLOYEES, OR CONTRACTOR'S INVITEES ON ACCOUNT OF BODILY INJURY, DEATH OR DAMAGE TO PROPERTY.

7.3    COMPANY AGREES TO RELEASE, PROTECT, DEFEND, INDEMNIFY AND HOLD HARMLESS CONTRACTOR, ITS SUBCONTRACTORS, AND THEIR OFFICERS, DIRECTORS, EMPLOYEES OR THEIR INVITEES (HEREINAFTER REFERRED TO AS "CONTRACTOR GROUP") AND ALL OF CONTRACTOR GROUP'S INSURERS, FROM AND AGAINST ALL CLAIMS, DEMANDS, AND CAUSES OF ACTION OF EVERY KIND AND CHARACTER WITHOUT LIMIT AND WITHOUT REGARD TO THE CAUSE OR CAUSES THEREOF OR THE NEGLIGENCE, BREACH OF CONTRACT OR WARRANTY, OR FAULT (ACTIVE OR PASSIVE) OF ANY PARTY OR PARTIES INCLUDING THE SOLE, JOINT OR CONCURRENT NEGLIGENCE, INCLUDING GROSS NEGLIGENCE, OF CONTRACTOR GROUP, ANY THEORY OF STRICT LIABILITY OR STATUTORY LIABILITY AND DEFECT OF PREMISES, OR THE UNSEAWORTHINESS OF ANY VESSEL (WHETHER OR NOT PREEXISTING THE DATE OF THIS CONTRACT), ARISING IN CONNECTION HEREWITH IN FAVOR OF COMPANY GROUP, COMPANY'S SUBCONTRACTORS (OTHER THAN CONTRACTOR HEREIN) OR THEIR EMPLOYEES, OR COMPANY'S INVITEES ON ACCOUNT OF BODILY INJURY, DEATH OR DAMAGE TO PROPERTY.

*   *   *

7.6    Both parties agree that, in order to be in compliance with the Texas Anti-Indemnity Act regarding indemnification mutually assumed for the other party's sole or concurrent negligence or fault, each party agrees to provide supporting insurance or qualified self-insurance of

the types set forth above and in the minimum amount of $10,000,000 to support their respective indemnity obligations under this Contract. If it is judicially determined that the monetary limits of insurance required hereunder or of the indemnity voluntarily assumed under this Paragraph 7 exceeds the maximum limits permitted under applicable law, it is agreed that said insurance requirements or indemnity shall automatically be amended to conform to the maximum monetary limits permitted under such law.

11.     The above language from the TPIC/TANMAR MSA obligated TANMAR to indemnify, defend and protect TPIC from the *Harp* lawsuit and include TPIC as an additional insured on its insurance.  The above language required TANMAR to comply with the Texas Oilfield Anti-Indemnity Act by procuring supporting insurance or qualified self-insurance in the minimum amount of $10,000,000 to support its indemnity obligations. Pursuant to the above language, TPIC placed TANMAR on notice of the potential for a liability claim to arise from the Harp accident on July 2, 2019 and requested TANMAR place its insurers on notice of TPIC's demand for additional insured benefits.  TANMAR did not respond.  TPIC sent a second notice to TANMAR on August 6, 2019.  Again TANMAR did not respond.  TPIC sent TANMAR a third notice on August 15, 2019.   By this time suit had been filed and TPIC made a formal demand for indemnification and defense against the *Harp* lawsuit and for a defense as an additional insured under TANMAR's insurance policy.  Again TANMAR did not respond.

12.     TANMAR accordingly has breached the TPIC/TANMAR MSA by, and pleading alternatively, refusing to provide TPIC indemnification and defense against the *Harp* lawsuit, by not purchasing insurance that designed TPIC as an additional insured, by not procuring insurance to comply with the Texas Oilfield Anti-Indemnity Act and/or refusing submit TPIC's demand for additional insured status to TANMAR's liability insurers.

6

13.     At the time of the accident giving rise to the lawsuit, Big "6" Drilling Company was TPIC's drilling contractor at the Mattie Mercer #1H well.   Pursuant to an IADC Daywork Drilling Contract between Big "6" and TPIC, Big "6" made a demand against TPIC for indemnification and defense against the *Harp* lawsuit.   TPIC tendered said demand to TANMAR with a request that TAMAR provide Big "6" indemnification and defense against the *Harp* lawsuit as Big "6" is a member of the "Company Group" as that term is defined within the TPIC/TANMAR MSA and/or the Big "6" claims against TPIC arise from allegations of bodily injury to a member of the TANMAR "Contractor Group" as that term is defined under the TPIC/TANMAR MSA.   TANMAR did not accept the tendered demand.   TANMAR again breached the TPIC/TANMAR MSA in that it refused to indemnify and protect TPIC against Big "6"'s demand for indemnification and defense against the *Harp* lawsuit.

## V.
## BREACH OF CONTRACT

14.     Pursuant to Tex. R. Civ. P. 54, all conditions precedent for this lawsuit have been performed or have occurred.

15.     The TPIC/TANMAR MSA was supported by consideration and is a valid and enforceable contract.

16.     TPIC performed under the terms of the TPIC/TANMAR MSA.   TPIC made demand against TANMAR for contractual indemnification and protection against the *Harp* lawsuit under the TPIC/TANMAR MSA.   TPIC made demand against TANMAR for additional insured status under the TPIC/TANMAR MSA.

17.     TPIC made demand against TANMAR for indemnification and protection against the Big "6" demand for indemnification and protection against the *Harp* lawsuit.

7

18.     TANMAR was obligated to provide indemnification and defense against the *Harp* lawsuit.  TANMAR was obligated to procure supporting insurance or self-insurance to comply with the Texas Oilfield Anti-Indemnity Act.

19.     TANMAR was obligated to provide indemnification and defense against the Big "6" demand for indemnification and protection against the *Harp* lawsuit.

20.     TANMAR was obligated to obtain liability insurance that included TPIC as an additional insured.

21.     TANMAR breached the TPIC/TANMAR MSA by denying TPIC contractual indemnification and protection against the *Harp* lawsuit.

22.     TANMAR breached the TPIC/TANMAR MSA by denying TPIC contractual indemnification and protection against the Big "6" demand for indemnification against the *Harp* lawsuit.

23.     TANMAR breached the TPIC/TANMAR MSA by not procuring supporting insurance or qualified self-insurance in the minimum amount of $10,000,000. TANMAR breached the TPIC/TANMAR MSA by failing to purchase liability insurance that identified TPIC as an additional insured and/or refusing to submit TPIC's demand for additional insured status to its liability insurer.

## VI.
## DAMAGES

24.     TANMAR's breach of contract as set forth herein was a direct cause, cause in fact, proximate cause and/or producing cause of damages to TPIC.  TPIC sustained foreseeable actual direct and/or consequential damages as a result of TANMAR's breach of contract.  All damages sustained by TPIC were within the contemplation of the parties at the time of contracting.

8

25.     TPIC incurred attorney fees to defend and protect itself against the *Harp* lawsuit, and will incur additional future attorney fees as the *Harp* lawsuit progresses.  TPIC incurred attorney fees to prosecute this breach of contract claim against TANMAR and will incur additional future attorney fees to prosecute this breach of contract claim against TANMAR.  While TPIC disputes and denies any liabilities in the *Harp* lawsuit, TPIC seeks indemnification from TANMAR in the remote event TPIC incurs liability for damages of any nature to any person or entity whatsoever as a result of either the *Harp* lawsuit or the Big "6" demand for indemnification and protection against the *Harp* lawsuit.

**VII.**
**REQUEST FOR DISCLOSURE**

26.     Pursuant to TEX. R. CIV. P. 194, Plaintiff hereby requests Defendant named in this action to disclose, within 50 days of service of this request, the information or material described in Rule 194.2(a)-(l).

**VIII.**
**JURY DEMAND**

27.     Pursuant to TEX. R. CIV. P. 216, Plaintiff hereby respectfully demands a trial by jury.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff TEXAS PETROLEUM INVESTMENT COMPANY prays Defendants TANMAR RENTALS, LLC and TANMAR COMPANIES, LLC be cited and caused to appear in these proceedings, that upon the grounds set forth herein Plaintiff obtain judgment against the Defendants that it may have and  recover all relief as set forth herein, together with pre-judgment and post-judgment

interest, court costs, and such other and further relief to which Plaintiff may show itself justly entitled at law or in equity.

Respectfully Submitted,

**DONATO, MINX, BROWN & POOL, P.C.**

_____
Robert D. Brown
SBN: 03164715
bbrown@donatominxbrown.com
Mark A. Youngjohn
SBN: 24028247
myoungjohn@donatominxbrown.com
3200 Southwest Freeway, Ste. 2300
Houston, TX  77027
PHONE: (713) 877-1112
FAX: (713) 877-1138

**ATTORNEY FOR PLAINTIFF
TEXAS PETROLEUM INVESTMENT
COMPANY**

10

11/11/2019 11:55 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38382844
By: Adiliani Solis
Filed: 11/11/2019 11:55 AM

# DONATO, MINX, BROWN & POOL, P.C.

### ATTORNEYS AT LAW
#### 3200 SOUTHWEST FREEWAY, SUITE 2300
#### HOUSTON, TEXAS 77027
##### WWW.DONATOMINXBROWN.COM

ROBERT D. BROWN                                         TELEPHONE: (713) 877-1112
DIRECT DIAL: (713) 871-1165                             FACSIMILE: (713) 877-1138
EMAIL: BBROWN@DONATOMINXBROWN.COM

November 11, 2019

Marilyn Burgess                                         Via E-File
Harris County District Clerk
201 Caroline
Houston, TX 77002

Re:     *Texas Petroleum Investment Company v. TanMar Rentals, LLC, et al,* Cause No. 2019-81520 in the 152nd Judicial District Court of Harris County, Texas.

Dear Clerk of Court:

Please let this correspondence serve as a cover letter for payment of the certified mail service fee for the above-referenced case.

Sincerely,

DONATO, MINX, BROWN & POOL, P.C.

Robert D. Brown

RDB/klc
5946

Certified Document Number: 8803878 - Page 1 of 1



PRIMERUS
MEMBER

INTERNATIONAL SOCIETY OF PRIMERUS LAW FIRMS



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this ___February 26, 2020___

Certified Document Number: ___88031878 Total Pages: 1___

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**



11-12-19

Certified Document Number: 88131778 - Page 1 of 1

RECORDER'S MEMORANDUM
This Instrument is of poor quality
at the time of imaging.



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   February 26, 2020

Certified Document Number:        88131778 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**



# MARILYN BURGESS
### HARRIS COUNTY DISTRICT CLERK

### Civil Process Pick-Up Form
### CAUSE NUMBER: 2019-81520

ATY                     CIV X                    COURT 152

| REQUESTING ATTORNEY/FIRM NOTIFICATION |
|---|
| **\*ATTORNEY: BROWN, ROBERT D**            **PH: 713-871-1165** |
| **\*CIVIL PROCESS SERVER:** |
| **\*PH:**                                   **BOX:** |
| **\*PERSON NOTIFIED SVC READY:** _Gayle R_ |
| **\* NOTIFIED BY: JOSHUA HALL** |
| **DATE:** _11-13-19_ |

Type of Service Document: Citation          Tracking Number **73695363**
Type of Service Document: _Citation_        Tracking Number _73695369_
Type of Service Document:_____          Tracking Number_____
Type of Service Document:_____          Tracking Number_____
Type of Service Document:_____          Tracking Number_____
Type of Service Document:_____          Tracking Number_____
Type of Service Document:_____          Tracking Number_____

**Process papers prepared by:**          **J. HALL**

**Date:  11/12/2019**              **30 days  waiting**              **12/12/2019**

| | |
|---|---|
| **\*Process papers released to:** | _Emily Freeman_ |
| | (PRINT NAME) |
| _____ | _Emily Freeman_ |
| **\*(CONTACT NUMBER)** | (SIGNATURE) |
| **\*Process papers released by:** | _____ |
| | (PRINT NAME) |
| | (SIGNATURE) |
| **\* Date:** _11/13/19_ ,2019  Time: _9:46_  (AM) / PM | |

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.          Revised 12-15-2014

Certified Document Number: 88077728 - Page 1 of 1





I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 26, 2020

Certified Document Number:        88077728 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

7019    0140    0000    5911    0235

CAUSE NO.  201981520

RECEIPT NO.                          75.00     CTM
         **********                  TR # 73695355

PLAINTIFF: TEXAS PETROLEUM INVESTMENT COMPANY          In The  152nd
                    vs.                                Judicial District Court
DEFENDANT: TANMAR RENTALS LLC                          of Harris County, Texas
                                                       152ND DISTRICT COURT
                                                       Houston, TX

                    CITATION (CERTIFIED)
THE STATE OF TEXAS
County of Harris

TO: TANMAR RENTALS LLC (A FOREIGN LIMITED LIABILITY COMPANY) MAY BE SERVED
    WITH PROCESS BY SERVING ITS REGISTERED AGENT CAPITAL CORPORATE SERVICES INC

    206  E 9TH STREET STE 1300    AUSTIN TX  78701 - 4411

    Attached is a copy of ORIGINAL PETITION REQUEST FOR DISCLOSURE AND JURY DEMAND

This instrument was filed on the 8th day of November, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 12th day of November, 2019, under my hand and
seal of said Court.

Issued at request of:                              MARILYN BURGESS, District Clerk
BROWN, ROBERT D.                                   Harris County, Texas
3200  SOUTHWEST FWY SUITE 2300                      201 Caroline, Houston, Texas 77002
HOUSTON, TX  77027                                  (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 871-1165
Bar No.:  3164715                                  Generated By: HALL, JOSHUA EVERETT  GLH//11377393

                    CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy   of   this   citation   together   with   an   attached   copy   of
ORIGINAL PETITION REQUEST FOR DISCLOSURE AND JURY DEMAND
to the following addressee at address:

_____          ADDRESS
                                           _____
_____
                                           Service was executed in accordance with Rule 106
                                              (2) TRCP, upon the Defendant as evidenced by the
(a) ADDRESSEE                                     return receipt incorporated herein and attached
                                                  hereto at
_____
                                           on _____ day of _____
_____          by U.S. Postal delivery to _____, _____
                                           _____

                                           This citation was not executed for the following
                                           reason: _____
                                           _____

                                           MARILYN BURGESS, District Clerk
                                           Harris County, TEXAS

                                           By _____, Deputy

                                                RECORDER'S MEMORANDUM
                                                This instrument is of poor quality
                                                  at the time of imaging.

N.INT.CITM.P                   *73695355*

7019   0140   0000   5911   0235

CAUSE NO.   201981520

RECEIPT NO.                    75.00      CTM
            *********          TR # 73695355

PLAINTIFF: TEXAS PETROLEUM INVESTMENT COMPANY          In The  152nd
                vs.                                    Judicial District Court
DEFENDANT: TANMAR RENTALS LLC                          of Harris County, Texas
                                                       152ND DISTRICT COURT
                                                       Houston, TX

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: TANMAR RENTALS LLC (A FOREIGN LIMITED LIABILITY COMPANY) MAY BE SERVED
    WITH PROCESS BY SERVING ITS REGISTERED AGENT CAPITAL CORPORATE SERVICES INC

    206  E 9TH STREET STE 1300   AUSTIN  TX  78701 - 4411

    Attached is a copy of ORIGINAL PETITION REQUEST FOR DISCLOSURE AND JURY DEMAND

This instrument was filed on the 8th day of November, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 12th day of November, 2019, under my hand and
seal of said Court.



Issued at request of:                      MARILYN BURGESS, District Clerk
BROWN, ROBERT D.                           Harris County, Texas
3200  SOUTHWEST FWY SUITE 2300             201 Caroline, Houston, Texas 77002
HOUSTON, TX  77027                         (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 871-1165
Bar No.:  3164715                          Generated By: HALL, JOSHUA EVERETT  GLH//11377393

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy  of  this  citation  together  with  an  attached  copy  of
 ORIGINAL PETITION REQUEST FOR DISCLOSURE AND JURY DEMAND
to the following addressee at address:

_____        ADDRESS
_____
                                            Service was executed in accordance with Rule 106
_____            (2) TRCP, upon the Defendant as evidenced by the
(a)ADDRESSEE                                    return receipt incorporated herein and attached
                                               hereto at
_____
                                            _____
                                            on _____ day of _____, _____
                                            by U.S. Postal delivery to _____
                                            _____

                                            This citation was not executed for the following
                                            reason: _____
                                            _____

                                            MARILYN BURGESS, District Clerk
                                            Harris County, TEXAS

                                            By _____, Deputy

N.INT.CITM.P                          *73695355*



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 26, 2020

Certified Document Number:        88069591 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

TANMAR RENTALS LLC
C/O
CAPITAL CORPORATE SERVICES INC
206 E 9TH STREET STE 1300
AUSTIN, TX 78701-4411
2019-81520 152ND

9590 9402 4840 9032 4222 82

2. Article Number (Transfer from service label)

7019 0140 0000 5911 0235

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Ryan Esparza_  ☑ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

Ryan Esparza   1V15

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

Certified Document Number: 8868334   Page

Certified Document Number: 88688334 - Page 2 of 2



**USPS TRACKING #**

9590 9402 4840 9032 4222 82

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

2019 DEC 20   AM 6: 57

12-20-19

● Sender: Please print your name, address, and ZIP+4® in this box●

**MARILYN BURGESS**
**HARRIS COUNTY DISTRICT CLERK**
**P.O. BOX 4651**
**HOUSTON, TEXAS 77210-4651**

BY



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this    February 26, 2020

Certified Document Number:          88688334 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**



# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

1/27/2020 3:30:05 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 40310427
By: SOLIS, ADILIANI A
Filed: 1/27/2020 3:30:05 PM

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** 2019-81520          **CURRENT COURT:** 152nd

Name(s) of Documents to be served: Plaintiff's First Amended Petition

**FILE DATE:** _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

Issue Service to: Zurich American Insurance Company, 1299 Zurich Way, Schaumburg, IL 60296-10!

Address of Service: 211 E. 7th Street, Ste 620, Austin, TX 78701-3218

City, State & Zip: _____

Agent (if applicable) Corporate Service Company

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

☐ Citation    ☐ Citation by Posting    ☐ Citation by Publication    ☐ Citations Rule 106 Service
☐ Citation Scire Facias                  Newspaper_____
☐ Temporary Restraining Order    ☐ Precept                          ☐ Notice
☐ Protective Order
☐ Secretary of State Citation ($12.00)    ☐ Capias (not an E-Issuance)    ☐ Attachment
☐ Certiorari                              ☐ Highway Commission ($12.00)
☐ Commissioner of Insurance ($12.00)    ☐ Hague Convention ($16.00)    ☐ Garnishment
☐ Habeas Corpus                          ☐ Injunction                    ☐ Sequestration
☐ Subpoena
☐ Other (Please Describe) _____

(See additional Forms for Post Judgment Service)

**SERVICE BY** *(check one)*:
☐ **ATTORNEY PICK-UP** (phone) _____    ☐ **E-Issuance by District Clerk**
☐ **MAIL to attorney   at:** _____       **(No Service Copy Fees Charged)**
☐ **CONSTABLE**                                       *Note*: The email registered with EfileTexas.gov must be
☑ **CERTIFIED MAIL by District Clerk**                used to retrieve the E-Issuance Service Documents.
                                                       Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____

☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Robert D. Brown    Bar # or ID   03164715

Mailing Address: 3200 Southwest Freeway, Ste 2300, Hous

Phone Number: 713-877-1112 _____

Certified Document Number: 89115726 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 26, 2020

Certified Document Number:        89115726 Total Pages: 1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**



1/27/2020 3:30:05 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 40310427
By: SOLIS, ADILIANI A
Filed: 1/27/2020 3:30:05 PM

# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

**Request for Issuance of Service**

CASE NUMBER: 2019-81520     CURRENT COURT: 152nd

Name(s) of Documents to be served: Plaintiff's First Amended Petition

**FILE DATE:** _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

Issue Service to: TanMar Communications, LLC, 302 Unatex Rd, Eunice, LA 70535 c/o Brian J. Tanr

Address of Service: 1019 Brazos St, austin, TX 78701

City, State & Zip: _____

Agent (if applicable) Secretary of State

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | |
|---|---|---|
| ☐ Citation   ☐ Citation by Posting   ☐ Citation by Publication | | ☐ Citations Rule 106 Service |
| ☐ Citation Scire Facias | Newspaper_____ | |
| ☐ Temporary Restraining Order | ☐ Precept | ☐ Notice |
| ☐ Protective Order | | |
| ☐ Secretary of State Citation ($12.00) | ☐ Capias (not an E-Issuance) | ☐ Attachment |
| ☐ Certiorari | ☐ Highway Commission ($12.00) | |
| ☐ Commissioner of Insurance ($12.00) | ☐ Hague Convention ($16.00) | ☐ Garnishment |
| ☐ Habeas Corpus | ☐ Injunction | ☐ Sequestration |
| ☐ Subpoena | | |
| ☐ Other (Please Describe) _____ | | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:

☐ **ATTORNEY PICK-UP** (phone) _____    ☐ E-Issuance by District Clerk
☑ **MAIL to attorney** at: 3200 SW Fwy, Ste 2:    **(No Service Copy Fees Charged)**
☐ **CONSTABLE**    *Note*: The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by District Clerk**    used to retrieve the E-Issuance Service Documents.
   Visit www.hcdistrictclerk.com for more instructions.

☑ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____ Phone: _____

☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Robert D. Brown    Bar # or ID: 03164715

Mailing Address: 3200 Southwest Freeway, Ste 2300, Hous

Phone Number: 713-877-1112

Certified Document Number: 89115725 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this    February 26, 2020

Certified Document Number:        89115725 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**



1/27/2020 3:30:05 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 40310427
By: SOLIS, ADILIANI A
Filed: 1/27/2020 3:30:05 PM

# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** 2019-81520    **CURRENT COURT:** 152nd

Name(s) of Documents to be served: Plaintiff's First Amended Petition

**FILE DATE:** _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

Issue Service to: TanMar Companies, LLC, 302 Unatex Rd, Eunice, LA 70535 c/o Brian J. Tanner, R

Address of Service: 1019 Brazos St, austin, TX 78701

City, State & Zip: _____

Agent (if applicable) Secretary of State

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | |
|---|---|---|
| ☐ Citation ☐ Citation by Posting | ☐ Citation by Publication | ☐ Citations Rule 106 Service |
| ☐ Citation Scire Facias | Newspaper_____ | |
| ☐ Temporary Restraining Order | ☐ Precept | ☐ Notice |
| ☐ Protective Order | | |
| ☐ Secretary of State Citation ($12.00) | ☐ Capias (not an E-Issuance) | ☐ Attachment |
| ☐ Certiorari | ☐ Highway Commission ($12.00) | |
| ☐ Commissioner of Insurance ($12.00) | ☐ Hague Convention ($16.00) | ☐ Garnishment |
| ☐ Habeas Corpus | ☐ Injunction | ☐ Sequestration |
| ☐ Subpoena | | |
| ☐ Other (Please Describe) _____ | | |

(See additional Forms for Post Judgment Service)

**SERVICE BY** (check one):
☐ **ATTORNEY PICK-UP** (phone) _____    ☐ E-Issuance by District Clerk
☑ **MAIL to attorney   at:** 3200 SW Fwy, Ste 2(    **(No Service Copy Fees Charged)**
☐ **CONSTABLE**    *Note:* The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by District Clerk**    used to retrieve the E-Issuance Service Documents.
Visit www.hcdistrictclerk.com for more instructions.

☑ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____ Phone: _____

☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Robert D. Brown    Bar # or ID 03164715

Mailing Address: 3200 Southwest Freeway, Ste 2300, Hous

Phone Number: 713-877-1112 _____



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 26, 2020

Certified Document Number:        89115724 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**



# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

1/27/2020 3:30:05 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 40310427
By: SOLIS, ADILIANI A
Filed: 1/27/2020 3:30:05 PM

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** 2019-81520                 **CURRENT COURT:** 152nd

Name(s) of Documents to be served:  Plaintiff's First Amended Petition

**FILE DATE:** _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be**

**Served):**

**Issue Service to:**  TanMar Rentals, LLC, 800 Brazos, Ste 400, Austin, TX 78701-2538

Address of Service:  206 E. 9th St, Ste 1300, Austin, TX 78701-4411

City, State & Zip: _____

Agent (if applicable)  Capital Corporate Services, Inc.

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | | |
|---|---|---|---|
| ☐ Citation | ☐ Citation by Posting | ☐ Citation by Publication | ☐ Citations Rule 106 Service |
| ☐ Citation Scire Facias | | Newspaper_____ | |
| ☐ Temporary Restraining Order | ☐ Precept | | ☐ Notice |
| ☐ Protective Order | | | |
| ☐ Secretary of State Citation ($12.00) | ☐ Capias (not an E-Issuance) | ☐ Attachment | |
| ☐ Certiorari | ☐ Highway Commission ($12.00) | | |
| ☐ Commissioner of Insurance ($12.00) | ☐ Hague Convention ($16.00) | ☐ Garnishment | |
| ☐ Habeas Corpus | ☐ Injunction | ☐ Sequestration | |
| ☐ Subpoena | | | |
| ☐ Other (Please Describe) _____ | | | |

(See additional Forms for Post Judgment Service)

**SERVICE BY** *(check one)*:
☐ **ATTORNEY PICK-UP (phone)** _____    ☐ **E-Issuance by District Clerk**
☐ **MAIL to attorney   at:** _____         **(No Service Copy Fees Charged)**
☐ **CONSTABLE**                              *Note*: The email registered with EfileTexas.gov must be
☑ **CERTIFIED MAIL by District Clerk**        used to retrieve the E-Issuance Service Documents.
                                             Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____

☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name:  Robert D. Brown      Bar # or ID   03164715

Mailing Address: 3200 Southwest Freeway, Ste 2300, Hous

Phone Number: 713-877-1112 _____



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   February 26, 2020

Certified Document Number:        89115723 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com

1/27/2020 3:30 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40310427
By: Adiliani Solis
Filed: 1/27/2020 3:30 PM

CAUSE NO.2019-81520

| | | |
|---|---|---|
| TEXAS PETROLEUM INVESTMENT COMPANY | § § § § § | IN THE DISTRICT COURT OF |
| v. | § § § | HARRIS COUNTY, TEXAS |
| TANMAR RENTALS, LLC, TANMAR COMPANIES, LLC and TANMAR COMMUNICATIONS, LLC | § § § § | 152nd JUDICIAL DISTRICT COURT |

**TEXAS PETROLEUM INVESTMENT COMPANY'S FIRST AMENDED PETITION, REQUESTS FOR DISCLOSURE AND JURY DEMAND**

COMES NOW, Plaintiff TEXAS PETROLEUM INVESTMENT COMPANY (hereinafter "TPIC") complaining of TANMAR RENTALS, LLC, TANMAR COMPANIES, LLC and TANMAR COMMUNICATIONS, LLC (hereinafter, collectively, "TANMAR"), and ZURICH AMERICAN INSURANCE COMPANY ("ZURICH")(said defendants hereinafter, collectively, "DEFENDANTS"). TPIC would show the Court as follows:

## I.
## PARTIES

1.  Plaintiff Texas Petroleum Investment Company is incorporated under the laws of the State of Texas and maintains its principal offices in Harris County, Texas.

2.  Defendant TanMar Rentals, LLC is a foreign limited liability company that maintains a place of business at 800 Brazos, Ste. 400, Austin, TX 78701-2538. This defendant may be served with Service of Process on its registered agent, Capital Corporate Services, Inc., 206 E. 9th Street, Ste. 1300, Austin, TX 78701-4411.

3.  Defendant TanMar Companies, LLC is a foreign limited liability company that maintains a place of business at 302 Unatex Rd, Eunice, LA 70535 as well as at

multiple locations throughout Texas.  TanMar Companies, LLC regularly conducts business in the State of Texas but maintains no registered agent in Texas.  These proceedings arise out of business done in the State of Texas by TanMar Rental Companies, LLC.  TanMar Companies, LLC may be sued through the Texas Secretary of State pursuant to Tex. Civ. Prac. & Rem. Code § 17.044(b).   The Secretary of State is requested to serve TanMar Companies, LLC c/o its registered agent, Brian J. Tanner, 302 Unatex Rd, Eunice, LA 70535.

4.      Defendant TanMar Communications, LLC is a foreign limited liability company that maintains a place of business at 302 Unatex Rd, Eunice, LA 70535 as well as at multiple locations throughout Texas.  TanMar Communications, LLC regularly conducts business in the State of Texas but maintains no registered agent in Texas.  These proceedings arise out of business done in the State of Texas by TanMar Communications, LLC.  TanMar Communications, LLC may be sued through the Texas Secretary of State pursuant to Tex. Civ. Prac. & Rem. Code § 17.044(b).  The Secretary of State is requested to serve TanMar Communications, LLC c/o its registered agent, Brian J. Tanner, 302 Unatex Rd, Eunice, LA 70535.

5.      Defendant Zurich American Insurance Company ("Zurich") is a foreign corporation incorporated under the laws of the State of New York.  Zurich is domiciled at 1299 Zurich Way, Schaumburg, IL 60296-1056.  Zurich may be served via its registered agent, Corporate Service Company, 211 E. 7th Street, Ste. 620, Austin, Texas 78701-3218.  Alternatively, pursuant to Tex. Ins. Code § 804.106(b) Zurich may be served via the Texas Insurance Commissioner.

**II.**
**JURISDICTION & VENUE**

2

6.      This Court has subject matter jurisdiction because Plaintiffs seek damages in excess of the Court's minimum jurisdictional limits.  All DEFENDANTS sued herein regularly conduct business in the State of Texas so that the exercise of general jurisdiction over them is appropriate.  Further, this lawsuit arises directly out of business conducted by DEFENDANTS within the State of Texas.  Thus, specific jurisdiction also exists over these proceedings.

7.      This lawsuit is brought against TANMAR as a result of TANMAR's breach of contractual duties owed to TPIC to indemnify and protect it against a lawsuit on file styled *Ashton Ray Harp v. Big "6" Drilling Company et al*, Cause No. 2019-52955 in the 234th Judicial District Court of Harris County, Texas (hereinafter "*Harp* lawsuit").

8.      This lawsuit is brought against ZURICH as a result of ZURICH's breach of contractual duties owed to TPIC to indemnify and protect it against a lawsuit on file styled *Ashton Ray Harp v. Big "6" Drilling Company et al*, Cause No. 2019-52955 in the 234th Judicial District Court of Harris County, Texas (hereinafter "*Harp* lawsuit").

9.      Venue is appropriate in Harris County, Texas as the *Harp* lawsuit at issue in TPIC's indemnification demand is pending in Harris County, Texas.  Consequently, all or a substantial amount of the events relevant to this lawsuit occurred in Harris County, Texas.  TPIC further is domiciled in Harris County Texas.

10.     TPIC disputes and denies all allegations made against it in the *Harp* lawsuit.  The *Harp* lawsuit seeks monetary relief over $1,000,000.  To that extent, more than $1,000,000 is in dispute in this matter.

### III.
### DISCOVERY CONTROL PLAN

3

11.     TPIC requests this case be conducted under a Level III discovery plan as set forth within Tex. R. Civ. P. 190.4.

IV.
**FACTS**

12.     Ashton Ray Harp was working on at the Mattie Mercer # 1H well rig in Caldwell County near Luling, TX when he was struck by a joint of falling drill pipe.  The accident occurred on or about March 16, 2019.  He suffered an alleged personal injury, the severity of which is disputed.  Harp subsequently filed a personal injury lawsuit styled *Ashton Ray Harp v. Big "6" Drilling Company et al*, Cause No. 2019-52955 in the 234th Judicial District Court of Harris County, Texas.  Harp sued TPIC and a drill contractor named Big "6" Drilling Company alleging they are legally liable for his injuries.  These allegations are disputed and denied by TPIC.

13.     At the time of the occurrence Harp was working as an employee of TANMAR and was present at the Mattie Mercer #1H well subject to the terms and conditions of a Master Services Agreement between TPIC and TANMAR dated December 16, 2015 (hereinafter "TPIC/TANMAR MSA").  The TPIC/TANMAR MSA contained various terms and conditions relevant to the *Harp* lawsuit and at issue in this instant lawsuit, among them:

6.     INSURANCE

\*   \*   \*

6.3   All such insurance shall be carried in a company or companies authorized to transact business in the state in which the work is to be performed, acceptable to Company and shall be maintained in full force and effect during the term of this Contract, and shall not be cancelled, altered, or amended without thirty (30) days' prior written notice having first been furnished Company. Additionally, only for and to the extent

4

Contractor assumes liability hereunder and agrees to indemnify Company, Company shall be named an additional insured in all such insurance policies (with exception of Workers' Compensation coverage) with all such insurance being primary to any insurance of Company that may apply to any such occurrence, accident or claim, but only for and to the extent Contractor assumes liability and agrees to indemnify Company hereunder. No "other insurance" provision shall be applicable to Company and its affiliated, subsidiary and/or interrelated companies, by virtue of having been named an additional insured or loss payee under any policy of insurance. Contractor agrees to have its insurance carrier furnish Company a certificate or certificates evidencing coverage in accordance with the above requirements and, when requested by Company, to furnish certified copies of all said insurance policies. These requirements shall be conditions precedent to the payment of any sums that may be due Contractor hereunder. The parties agree that the additional insured status and waivers of subrogation which Contractor obtains for Company shall not protect or offer coverage to Company for the indemnity obligations or liabilities specifically allocated to Company in this Agreement or any other agreement, or for liabilities not addressed herein. The parties further agree that any coverage which Company obtains in favor of Contractor shall not protect or offer coverage to Contractor for the indemnity obligations or liabilities specifically allocated to Contractor in this Agreement or any other agreement or for liabilities not addressed herein. Contractor and Company agree that any insurance coverage which each obtains for the other does not prime, supersede or take precedence over the indemnity obligations which each owes to the other.

*   *   *

7.    INDEMNITY

7.1    In order to allocate respective responsibilities of Company and Contractor for liabilities arising out of personal injury or property damage, it is agreed between Company and Contractor that certain responsibilities and liabilities for personal injuries and property damage arising out of the performance of this Agreement should be allocated between them in order to avoid protracted litigation between Company and Contractor along with the associated legal expenses and so that insurance or self-insurance may be arranged by each party as necessary to protect them against exposure to loss. The following sets out the specifics of the agreements between Company and Contractor as to the allocation of the responsibilities and liabilities.

7.2    CONTRACTOR AGREES TO RELEASE, PROTECT, DEFEND, INDEMNIFY AND HOLD HARMLESS COMPANY, ITS OFFICERS, DIRECTORS, EMPLOYEES, JOINT OWNERS, AND THEIR INVITEES, AND ANY CUSTOMER FOR WHOM COMPANY IS PERFORMING SERVICES (HEREINAFTER COLLECTIVELY REFERRED TO AS "COMPANY GROUP") AND ALL OF COMPANY GROUP'S INSURERS, FROM· AND AGAINST ALL CLAIMS, DEMANDS, AND CAUSES OF ACTION OF EVERY KIND AND CHARACTER WITHOUT LIMIT AND WITHOUT REGARD TO THE CAUSE OR CAUSES THEREOF OR THE NEGLIGENCE, BREACH OF CONTRACT OR WARRANTY, OR FAULT (ACTIVE OR PASSIVE) OF ANY PARTY OR PARTIES INCLUDING THE SOLE, JOINT OR CONCURRENT NEGLIGENCE, INCLUDING GROSS NEGLIGENCE, OF COMPANY GROUP, ANY THEORY OF STRICT LIABILITY OR STATUTORY LIABILITY AND DEFECT OF PREMISES, OR THE UNSEAWORTHINESS OF ANY VESSEL (WHETHER OR NOT PREEXISTING THE DATE OF THIS CONTRACT), ARISING IN CONNECTION HEREWITH IN FAVOR OF CONTRACTOR, CONTRACTOR'S EMPLOYEES, CONTRACTOR'S SUBCONTRACTORS OR THEIR EMPLOYEES, OR CONTRACTOR'S INVITEES ON ACCOUNT OF BODILY INJURY, DEATH OR DAMAGE TO PROPERTY.

7.3    COMPANY AGREES TO RELEASE, PROTECT, DEFEND, INDEMNIFY AND HOLD HARMLESS CONTRACTOR, ITS SUBCONTRACTORS, AND THEIR OFFICERS, DIRECTORS, EMPLOYEES OR THEIR INVITEES

6

(HEREINAFTER REFERRED TO AS "CONTRACTOR GROUP") AND ALL OF CONTRACTOR GROUP'S INSURERS, FROM AND AGAINST ALL CLAIMS, DEMANDS, AND CAUSES OF ACTION OF EVERY KIND AND CHARACTER WITHOUT LIMIT AND WITHOUT REGARD TO THE CAUSE OR CAUSES THEREOF OR THE NEGLIGENCE, BREACH OF CONTRACT OR WARRANTY, OR FAULT (ACTIVE OR PASSIVE) OF ANY PARTY OR PARTIES INCLUDING THE SOLE, JOINT OR CONCURRENT NEGLIGENCE, INCLUDING GROSS NEGLIGENCE, OF CONTRACTOR GROUP, ANY THEORY OF STRICT LIABILITY OR STATUTORY LIABILITY AND DEFECT OF PREMISES, OR THE UNSEAWORTHINESS OF ANY VESSEL (WHETHER OR NOT PREEXISTING THE DATE OF THIS CONTRACT), ARISING IN CONNECTION HEREWITH IN FAVOR OF COMPANY GROUP, COMPANY'S SUBCONTRACTORS (OTHER THAN CONTRACTOR HEREIN) OR THEIR EMPLOYEES, OR COMPANY'S INVITEES ON ACCOUNT OF BODILY INJURY, DEATH OR DAMAGE TO PROPERTY.

\* \* \*

7.6   Both parties agree that, in order to be in compliance with the Texas Anti-Indemnity Act regarding indemnification mutually assumed for the other party's sole or concurrent negligence or fault, each party agrees to provide supporting insurance or qualified self-insurance of the types set forth above and in the minimum amount of $10,000,000 to support their respective indemnity obligations under this Contract. If it is judicially determined that the monetary limits of insurance required hereunder or of the indemnity voluntarily assumed under this Paragraph 7 exceeds the maximum limits permitted under applicable law, it is agreed that said insurance requirements or indemnity shall automatically be amended to conform to the maximum monetary limits permitted under such law.

14.   The above language from the TPIC/TANMAR MSA obligates TANMAR to indemnify, defend and protect TPIC from the *Harp* lawsuit and include TPIC as an additional insured on its insurance.  The above language from the TPIC/TANMAR MSA also obligates TANMAR to indemnify, defend and protect TPIC from demands from Big "6" that TPCI indemnify, defend and protect Big "6" from any liability arising from the *Harp*

7

lawsuit. The above language requires TANMAR to comply with the Texas Oilfield Anti-Indemnity Act by procuring supporting insurance or qualified self-insurance in the minimum amount of $10,000,000 to support its indemnity obligations. Pursuant to the above language, TPIC placed TANMAR on notice of the potential for a liability claim to arise from the Harp accident on July 2, 2019 and requested TANMAR place its insurers on notice of TPIC's demand for additional insured benefits. TANMAR did not respond. TPIC sent a second notice to TANMAR on August 6, 2019. TANMAR did not respond. TPIC sent TANMAR a third notice on August 15, 2019. By this time suit had been filed and TPIC made a formal demand for indemnification and defense against the *Harp* lawsuit and for a defense as an additional insured under TANMAR's insurance policy. Again, TANMAR did not respond.

15. TANMAR accordingly has breached the TPIC/TANMAR MSA by, and pleading alternatively, refusing to provide TPIC indemnification and defense against the *Harp* lawsuit, by not purchasing insurance that designed TPIC as an additional insured, by not procuring insurance to comply with the Texas Oilfield Anti-Indemnity Act and/or refusing submit TPIC's demand for additional insured status to TANMAR's liability insurers.

16. Alternatively, TPIC is an additional insured under Zurich American Insurance Company Policy No. GLO-9172334-06, effective dates February 15, 2019 to February 15, 2020 ("Policy"). ZURICH has breached both contractual and extra-contractual duties owed to TPIC by failing to indemnify, defend and protect TPIC against the *Harp* lawsuit. TPIC through TANMAR and Arthur J. Gallagher Risk Management Services, Inc. (TANMAR's retail insurance agent) has duly forwarded copies of the current

8

pleadings in the *Harp* lawsuit to ZURICH and made demand to ZURICH for indemnity and defense against the *Harp* lawsuit.  ZURICH has not responded.  TPIC has further made demand against ZURICH for coverage for the Big "6" contractual liability claims under the ZURICH Policy's "insured contract" exception within the ZURICH Policy's general exclusion for contractual liabilities.  ZURICH has not responded.  In so doing it has breached the Policy.

17.     At the time of the accident giving rise to the lawsuit, Big "6" Drilling Company was TPIC's drilling contractor at the Mattie Mercer #1H well.  Pursuant to an IADC Daywork Drilling Contract between Big "6" and TPIC, Big "6" made a demand against TPIC for indemnification and defense against the *Harp* lawsuit.  TPIC tendered said demand to TANMAR with a request that TANMAR provide Big "6" indemnification and defense against the *Harp* lawsuit as Big "6" is a member of the "Company Group" as that term is defined within the TPIC/TANMAR MSA and/or the Big "6" claims against TPIC arise from allegations of bodily injury to a member of the TANMAR "Contractor Group" as that term is defined under the TPIC/TANMAR MSA.  TANMAR did not accept the tendered demand.  TANMAR again breached the TPIC/TANMAR MSA in that it refused to indemnify and protect TPIC against Big "6"'s demand for indemnification and defense against the *Harp* lawsuit.

## V.
## CONDITIONS PRECEDENT

18.     Pursuant to Tex. R. Civ. P. 54, all conditions precedent to TPIC's rights to recover damages as a result of these proceedings have been performed or have occurred.

## VI.

9

## TANMAR'S BREACH OF CONTRACT

19.    The TPIC/TANMAR MSA was supported by consideration and is a valid and enforceable contract.

20.    TPIC performed under the terms of the TPIC/TANMAR MSA.  TPIC made demand against TANMAR for contractual indemnification and protection against the *Harp* lawsuit under the TPIC/TANMAR MSA.  TPIC made demand against TANMAR for additional insured status under the TPIC/TANMAR MSA.

21.    TPIC made demand against TANMAR for indemnification and protection against the Big "6" demand for indemnification and protection against the *Harp* lawsuit.

22.    TANMAR is obligated to provide indemnification and defense against the *Harp* lawsuit.  TANMAR is obligated to procure supporting insurance or self-insurance to comply with the Texas Oilfield Anti-Indemnity Act.

23.    TANMAR is obligated to provide indemnification and defense against the Big "6" demand for indemnification and protection against the *Harp* lawsuit.

24.    TANMAR is obligated to obtain liability insurance that included TPIC as an additional insured.

25.    TANMAR breached the TPIC/TANMAR MSA by denying TPIC contractual indemnification and protection against the *Harp* lawsuit.

26.    TANMAR breached the TPIC/TANMAR MSA by denying TPIC contractual indemnification and protection against the Big "6" demand for indemnification against the *Harp* lawsuit.

27.    TANMAR breached the TPIC/TANMAR MSA by not procuring supporting insurance or qualified self-insurance in the minimum amount of $10,000,000. TANMAR

breached the TPIC/TANMAR MSA by failing to purchase liability insurance that identified TPIC as an additional insured and/or refusing to submit TPIC's demand for additional insured status to its liability insurer.

## VII.
## ZURICH'S BREACH OF CONTRACT

28.    Alternatively, without waiver of the foregoing, TPIC through TANMAR and Arthur J. Gallagher Risk Management Services (TANMAR's retail insurance agent) provided ZURICH copies of the pleadings in the *Harp* lawsuit and demanded ZURICH provide TPIC indemnification and defense against the *Harp* lawsuit.  The pleadings in the *Harp* lawsuit are covered in whole or in part under the ZURICH policy and trigger the Policy duty to defend under the eight corners rule.  ZURICH did not respond.  In so doing ZURICH has breached the Policy. ZURICH is obligated to provide indemnification and defense against the *Harp* lawsuit.  ZURICH breached the ZURICH Policy by refusing to indemnify and defend TPIC against the *Harp* lawsuit.

29.    Alternatively, without waiver of the foregoing, TPIC through TANMAR and Arthur J. Gallagher Risk Management Services (TANMAR's retail insurance agent) provided ZURICH copies of the pleadings in the Harp lawsuit and demanded ZURICH provide TPIC coverage for the Big "6" demand for contractual indemnification and defense under the ZURICH Policy's "insured contracts" exception contained within the ZURICH Policy's general exclusion for contractual liabilities.  The Big "6" demand against TPIC for contractual indemnification and defense is covered under the ZURICH policy.  ZURICH did not respond. In so doing ZURICH breached the Policy.  ZURICH is obligated to provide coverage for the Big "6" demand against TPIC for contractual indemnification and

11

defense.  ZURICH breached the ZURICH Policy by not provided coverage for the Big "6"
demand for contractual indemnification and defense.

**VIII.**
**SCOTTSDALE'S BREACH OF CONTRACT**

30.    Alternatively, without waiver of the foregoing, TPIC through TANMAR and
Arthur J. Gallagher Risk Management Services (TANMAR's retail insurance agent)
provided SCOTTSDALE copies of the pleadings in the Harp lawsuit and demanded
SCOTTSDALE provide TPIC indemnification and defense against the Harp lawsuit.  The
pleadings in the Harp lawsuit are covered in whole or in part under the SCOTTSDALE
policy and trigger the Policy duty to defend under the eight corners rule.  SCOTTSDALE
did not respond.  SCOTTSDALE is obligated to provide indemnification and defense
against the Harp lawsuit.  SCOTTSDALE breached the SCOTTSDALE Policy by refusing
to indemnify and defend TPIC against the Harp lawsuit.

31.    Alternatively, without waiver of the foregoing, TPIC through TANMAR and
Arthur J. Gallagher Risk Management Services (TANMAR's retail insurance agent)
provided SCOTTSDALE copies of the pleadings in the Harp lawsuit and demanded
SCOTTSDALE provide TPIC coverage for the Big "6" demand for contractual
indemnification and defense under the SCOTTSDALE Policy's "insured contracts"
exception contained within the SCOTTSDALE Policy's general exclusion for contractual
liabilities.  The Big "6" demand against TPIC for contractual indemnification and defense
is covered under the SCOTTSDALE policy.   SCOTTSDALE did not respond.
SCOTTSDALE is obligated to provide coverage for the Big "6" demand against TPIC for
contractual indemnification and defense.  SCOTTSDALE breached the SCOTTSDALE

12

Policy by not provided coverage for the Big "6" demand for contractual indemnification and defense.

## DAMAGES

32.     DEFENDANTS' breach of contract as set forth herein was a direct cause, cause in fact, proximate cause and/or producing cause of damages to TPIC.  TPIC sustained foreseeable actual direct and/or consequential damages as a result of DEFENDANTS' breach of contract.  All damages sustained by TPIC were within the contemplation of the parties at the time of contracting.

33.     TPIC incurred attorney fees to defend and protect itself against the *Harp* lawsuit and will incur additional future attorney fees as the *Harp* lawsuit progresses.  TPIC incurred attorney fees to prosecute this breach of contract claim against DEFENDANTS and will incur additional future attorney fees to prosecute this breach of contract claim against DEFENDANTS.

34.     TPIC further incurred attorney fees in the filing and prosecuting of this lawsuit against TANMAR and ZURICH, which TPIC seeks recovery of under Chapter 38 of the Texas Civil Practices & Remedies Code.

35.     While TPIC disputes and denies any liabilities in the *Harp* lawsuit, TPIC seeks indemnification from DEFENDANTS in the remote event TPIC incurs liability for damages of any nature to any person or entity whatsoever as a result of either the *Harp* lawsuit or the Big "6" demand for indemnification and protection against the *Harp* lawsuit. In the remote event any legal liabilities to pay damages as a result of the *Harp* lawsuit, any and all reasonably foreseeable damages are recoverable from TANMAR as a result

of the TPIC/TANMAR MSA, and/or covered under the ZURICH Policy and/or covered under the SCOTTSDALE Policy.

## VII.
## REQUEST FOR DISCLOSURE

36.     Pursuant to TEX. R. CIV. P. 194, TPIC hereby requests all DEFENDANTS named in this action to disclose, within 50 days of service of this request, the information or material described in Rule 194.2(a)-(l).

## VIII.
## JURY DEMAND

37.     Pursuant to TEX. R. CIV. P. 216, TPIC hereby respectfully demands a trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff TEXAS PETROLEUM INVESTMENT COMPANY prays Defendants TANMAR RENTALS, LLC, TANMAR COMPANIES, LLC, TANMAR COMMUNICATIONS, LLC, and ZURICH AMERICAN INSURANCE COMPANY be cited and caused to appear in these proceedings, that upon the grounds set forth herein Plaintiff obtain judgment against the DEFENDANTS that it may have and  recover all relief as set forth herein, together with pre-judgment and post-judgment interest, attorney fees, court costs, and such other and further relief to which Plaintiff may show itself justly entitled at law or in equity.

Respectfully Submitted,

DONATO, MINX, BROWN & POOL, P.C.

_____
Robert D. Brown
SBN: 03164715
bbrown@donatominxbrown.com
Mark A. Youngjohn
SBN: 24028247
myoungjohn@donatominxbrown.com
3200 Southwest Freeway, Ste. 2300
Houston, TX  77027
PHONE: (713) 877-1112
FAX: (713) 877-1138

**ATTORNEY FOR PLAINTIFF
TEXAS PETROLEUM INVESTMENT
COMPANY**

2019-81520

02-06-2020



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee   3.55

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)
☐ Return Receipt (electronic)
☐ Certified Mail Restricted Delivery
☐ Adult Signature Required
☐ Adult Signature Restricted Delivery

Postage   1.60

Total Postage and Fees   $2.00

Sent To
TANMAR RENTALS LLC
C/O CAPITAL CORPORATE SERVICES INC
206 E. 9TH STREET, STE 1300
AUSTIN, TX 78701-4411

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

RECEIVED
WR
FEB - 6 2020
Marilyn Burgess
District Clerk

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

Certified Document Number: 89378002 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 26, 2020

Certified Document Number:        89378002 Total Pages:   1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

2019-81520



02-06-2020

Certified Document Number: 89378001 - Page 1 of 1

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 26, 2020

Certified Document Number:        89378001 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

7019 0140 0000 5911 8095
0140        5911                                                    

CAUSE NO. 201981520

RECEIPT NO.                           75.00      CTM
**********                        TR # 73720648

PLAINTIFF: TEXAS PETROLEUM INVESTMENT COMPANY          In The  152nd
            vs.                                         Judicial District Court
DEFENDANT: TANMAR RENTALS LLC                           of Harris County, Texas
                                                        152ND DISTRICT COURT
                                                        Houston, TX

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: ZURICH AMERICAN INSURANCE COMPANY (FOREIGN CORPORATION) BY SERVING ITS
    REGISTERED AGENT CORPORATE SERVICE COMPANY

    211 E 7TH STREET STE 620   AUSTIN TX 78701 - 3218

    Attached is a copy of FIRST AMENDED PETITION REQUESTS FOR DISCLOSURE AND JURY DEMAND

This instrument was filed on the 27th day of January, 2020, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 6th day of February, 2020, under my hand and
seal of said Court.

Issued at request of:                       MARILYN BURGESS, District Clerk
BROWN, ROBERT D.                            Harris County, Texas
3200 SOUTHWEST FWY SUITE 2300               201 Caroline, Houston, Texas 77002
HOUSTON, TX 77027                           (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 871-1165
Bar No.: 3164715                            Generated By: HILL, MARCELLA  DBG//11426366

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy of this citation together with an attached copy of
FIRST AMENDED PETITION REQUESTS FOR DISCLOSURE AND JURY DEMAND
to the following addressee at address:

_____       ADDRESS

_____       Service was executed in accordance with Rule 106
(a)ADDRESSEE                               (2) TRCP, upon the Defendant as evidenced by the
                                           return receipt incorporated herein and attached
                                           hereto at
_____
                                       on _____ day of _____, _____
                                       by U.S. Postal delivery to _____

                                       _____

                                       This citation was not executed for the following
                                       reason: _____

                                       MARILYN BURGESS, District Clerk
                                       Harris County, TEXAS

                                       By _____, Deputy

Certified Document Number: 89326392 - Page 1 of 2

N.INT.CITM.F

*73720648*
RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

7019 0140 0000 5941 8095

CAUSE NO.  201981520

RECEIPT NO.                    75.00      CTM
          **********              TR # 73720648

PLAINTIFF: TEXAS PETROLEUM INVESTMENT COMPANY        In The  152nd
                    vs.                              Judicial District Court
DEFENDANT: TANMAR RENTALS LLC                        of Harris County, Texas
                                                     152ND DISTRICT COURT
                                                     Houston, TX

                    CITATION (CERTIFIED)
THE STATE OF TEXAS
County of Harris

TO: ZURICH AMERICAN INSURANCE COMPANY (FOREIGN CORPORATION) BY SERVING ITS
    REGISTERED AGENT CORPORATE SERVICE COMPANY

    211 E 7TH STREET STE 620  AUSTIN TX 78701 - 3218

    Attached is a copy of FIRST AMENDED PETITION REQUESTS FOR DISCLOSURE AND JURY DEMAND

This instrument was filed on the 27th day of January, 2020, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 6th day of February, 2020, under my hand and
seal of said Court.



                                                     MARILYN BURGESS, District Clerk
Issued at request of:                                Harris County, Texas
BROWN, ROBERT D.                                     201 Caroline, Houston, Texas 77002
3200  SOUTHWEST FWY SUITE 2300                       (P.O. Box 4651, Houston, Texas 77210)
HOUSTON, TX  77027
Tel: (713) 871-1165
Bar No.: 3164715                                     Generated By: HILL, MARCELLA  DBG//11426366

                    CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy of this citation together with an attached copy of
FIRST AMENDED PETITION REQUESTS FOR DISCLOSURE AND JURY DEMAND
to the following addressee at address:

_____        _____
                                         ADDRESS

_____        Service was executed in accordance with Rule 106
(a) ADDRESSEE                              (2) TRCP, upon the Defendant as evidenced by the
                                              return receipt incorporated herein and attached
                                              hereto at

_____        _____
                                         on _____ day of _____, _____
                                         by U.S. Postal delivery to _____

                                         _____
                                         This citation was not executed for the following
                                         reason: _____
                                         _____

                                         MARILYN BURGESS, District Clerk
                                         Harris County, TEXAS

                                         By _____, Deputy

N.INT.CITM.P                    *73720648*



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 26, 2020

Certified Document Number:        89326392 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

7019 0140 0000 5911 8088



CAUSE NO.  201981520

RECEIPT NO.                                    75.00      CTM
                 **********
                                        TR # 73720952

| | |
|---|---|
| PLAINTIFF: TEXAS PETROLEUM INVESTMENT COMPANY<br>           vs.<br>DEFENDANT: TANMAR RENTALS LLC | In The   152nd<br>Judicial District Court<br>of Harris County, Texas<br>152ND DISTRICT COURT<br>Houston, TX |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: TANMAR RENTALS LLC (A FOREIGN LIMITED LIABILITY COMPANY) MAY BE SERVED
    WITH PROCESS BY SERVING ITS REGISTERED AGENT CAPITAL CORPORATE SERVICES INC

    206  E 9TH ST STE 1300   AUSTIN  TX  78701 - 4411

    Attached is a copy of FIRST AMENDED PETITION REQUESTS FOR DISCLOSURE AND JURY DEMAND

This instrument was filed on the 27th day of January, 2020, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 6th day of February, 2020, under my hand and
seal of said Court.

Issued at request of:
BROWN, ROBERT D.
3200  SOUTHWEST FWY SUITE 2300
HOUSTON, TX  77027
Tel: (713) 871-1165
Bar No.: 3164715

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: HILL, MARCELLA  DBG//11426366

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy   of   this   citation   together   with   an   attached   copy   of
FIRST AMENDED PETITION REQUESTS FOR DISCLOSURE AND JURY DEMAND
to the following addressee at address:

_____        ADDRESS

_____

_____        Service was executed in accordance with Rule 106
(a) ADDRESSEE                               (2) TRCP, upon the Defendant as evidenced by the
                                               return receipt incorporated herein and attached
                                               hereto at
_____

                                          on _____ day of _____, _____
                                          by U.S. Postal delivery to _____

                                          This citation was not executed for the following
                                          reason: _____
                                          _____

                                          MARILYN BURGESS, District Clerk
                                          Harris County, TEXAS

                                          By _____, Deputy

N.INT.CITM.P                              *73720952*

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

Certified Document Number: 89326391 - Page 1 of 2

7019  0140  0000  5911  8088

CAUSE NO.   201981520

RECEIPT NO.                          75.00      CTM
          **********              TR # 73720952

PLAINTIFF: TEXAS PETROLEUM INVESTMENT COMPANY        In The  152nd
                    vs.                              Judicial District Court
DEFENDANT: TANMAR RENTALS LLC                        of Harris County, Texas
                                                     152ND DISTRICT COURT
                                                     Houston, TX

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: TANMAR RENTALS LLC (A FOREIGN LIMITED LIABILITY COMPANY) MAY BE SERVED
    WITH PROCESS BY SERVING ITS REGISTERED AGENT CAPITAL CORPORATE SERVICES INC

    206  E 9TH ST STE 1300   AUSTIN  TX  78701 - 4411

    Attached is a copy of FIRST AMENDED PETITION REQUESTS FOR DISCLOSURE AND JURY DEMAND

This instrument was filed on the 27th day of January, 2020, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued on 6th day of February, 2020, under my hand and
seal of said Court.

Issued at request of:                        MARILYN BURGESS, District Clerk
BROWN, ROBERT D.                                                 Harris County, Texas
3200  SOUTHWEST FWY SUITE 2300                                   201 Caroline, Houston, Texas 77002
HOUSTON, TX  77027                                               (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 871-1165
Bar No.: 3164715                                                 Generated By: HILL, MARCELLA  DBG//11426366

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy  of  this  citation  together  with  an  attached  copy  of
FIRST AMENDED PETITION REQUESTS FOR DISCLOSURE AND JURY DEMAND
to the following addressee at address:

_____      _____
                                         ADDRESS

_____      Service was executed in accordance with Rule 106
(a) ADDRESSEE                                (2) TRCP, upon the Defendant as evidenced by the
                                             return receipt incorporated herein and attached
                                             hereto at
_____
                                         on _____ day of _____, _____
                                         by U.S. Postal delivery to _____
                                         _____

                                         This citation was not executed for the following
                                         reason: _____
                                         _____

                                         MARILYN BURGESS, District Clerk
                                         Harris County, TEXAS

                                         By _____, Deputy

N.INT.CITM.P                          *73720952*



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   February 26, 2020

Certified Document Number:        89326391 Total Pages: 2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Certified Document Number: 89476905 - Page 59

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

TANMAR RENTALS LLC
C/O CAPITAL CORPORATE SERVICES INC
206 E. 9TH STREET, STE 1300
AUSTIN, TX 78701-4411

9590 9402 4975 9063 9983 62

2. Article Number (Transfer from service label)

7019 0140 0000 5911 8088

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☑ Agent
                     ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Ryan Esparza                    2/10

D. Is delivery address different from Item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

2019-81520

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    2019-81520   152   Domestic Return Receipt

Certified Document Number: 89476965 - Page 2 of 2

**USPS TRACKING #**

9590 9402 4975 9063 9983 62

**United States**
**Postal Service**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10


FILED
MARILYN BURGESS
DISTRICT CLERK
HARRIS COUNTY, TEXAS

2020 FEB 13  AM 7: 34

02-13-2020

BY_____  DEPUTY

• Sender: Please print your name, address, and ZIP+4® in this box•

**MARILYN BURGESS, DISTRICT CLERK**
**HARRIS COUNTY, TEXAS**
**CIVIL INTAKE**
**P.O. BOX 4651**
**HOUSTON, TEXAS 77210**



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 26, 2020

Certified Document Number:        89476965 Total Pages: 2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

Certified Document Number: 89476764 - Page 62 of

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**ZURICH AMERICAN INSRUANCE CO.**
**C/O CORPORATE SERVICE COMPANY**
**211 E. 7TH STREET, STE 620**
**AUSTIN, TX 78701-3218**

9590 9402 4975 9063 9983 79

2. Article Number *(Transfer from service label)*

7019 0140 0000 5911 8095

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Will Nichols_  ☐ Agent  ☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery
                                     2-10-20

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

2019-81520

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053      2019-81520   (52    Domestic Return Receipt

Certified Document Number: 89476964 - Page 2 of 2

**USPS TRACKING #**

9590 9402 4975 9063 9983 79

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

RECEIVED
MARILYN BURGESS
DISTRICT CLERK
HARRIS COUNTY, TEXAS

2020 FEB 13 AM 7:39

02-13-2020

BY_____
MAIL PROCESSING ADMIN



**Sender:** Please print your name, address, and ZIP+4® in this box●

**MARILYN BURGESS, DISTRICT CLERK
HARRIS COUNTY, TEXAS
CIVIL INTAKE
P.O. BOX 4651
HOUSTON, TEXAS 77210**



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 26, 2020

Certified Document Number:        89476964 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

2/19/2020 9:50:29 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 40950100
By: PEREZ, ILIANA
Filed: 2/19/2020 9:50:29 AM

CAUSE NO.  2019-81520

| | | |
|---|---|---|
| TEXAS PETROLEUM INVESTMENT COMPANY | § § § | IN THE DISTRICT COURT OF |
| VS. | § § § | HARRIS COUNTY, TEXAS |
| TANMAR RENTALS, LLC, TANMAR COMPANIES, LLC AND TANMAR COMMUNICATIONS, LLC | § § § | 152ND JUDICIAL DISTRICT |

## DEFENDANT'S JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, TANMAR RENTALS, LLC, TANMAR COMPANIES, LLC AND TANMAR COMMUNICATIONS, LLC, Defendants in the above entitled and numbered cause, hereby make this its Demand for Trial by Jury.

Respectfully submitted,

*NEWTON, JONES & SPAETH*

By:_____
    H. Dwayne Newton
    State Bar No. 14977200
    3405 Marquart
    Houston, Texas  77027
    (713) 493-7620 - Telephone
    (713) 493-7633 – Facsimile
    dnewton@newton-lawyers.com

**ATTORNEYS FOR DEFENDANTS
TANMAR RENTALS, LLC, TANMAR
COMPANIES, LLC AND TANMAR
COMMUNICATIONS, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that on this the 19th day of February, 2020, the foregoing document was served via eservice and if unavailable in accordance with the Texas Rules of Civil Procedure on the following counsel of record:

Robert D. Brown
Mark A. Youngjohn
**DONATO, MINX,**
**BROWN & POOL, P.C.**
3200 Southwest Freeway, Ste. 2300
Houston, TX 77027
bbrown@donatominxbrown.com
myoungjohn@donatominxbrown.com

**ATTORNEYS FOR PLAINTIFF**

H. Dwayne Newton



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 20, 2020

Certified Document Number:        89500056 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

2/19/2020 9:50 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40950100
By: Iliana Perez
Filed: 2/19/2020 9:50 AM

### CAUSE NO. 2019-81520

| | | |
|---|---|---|
| TEXAS PETROLEUM INVESTMENT COMPANY | § § § § | IN THE DISTRICT COURT OF |
| VS. | § § | HARRIS COUNTY, TEXAS |
| TANMAR RENTALS, LLC, TANMAR COMPANIES, LLC AND TANMAR COMMUNICATIONS, LLC | § § § § | 152ND JUDICIAL DISTRICT |

### DEFENDANTS TANMAR RENTALS, LLC, TANMAR COMPANIES, LLC AND TANMAR COMMUNICATIONS, LLC' ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, TANMAR RENTALS, LLC, TANMAR COMPANIES, LLC AND TANMAR COMMUNICATIONS, LLC, Defendants in the above entitled and numbered cause, and file this, their Original Answer to Plaintiff's Original Petition, respectfully showing unto the Court the following:

### I.

Subject to any stipulations and admissions that may hereafter be made, these Defendants asserts a general denial, as authorized by Rule 92 of the Texas Rules of Civil Procedure, and respectfully requests that the Plaintiff be required to prove the charges and allegations against Defendants by a preponderance of the evidence in accordance with the Constitution and Laws of the State of Texas.

### II.

For further answer, Defendants allege the contract in question contained a choice of law provision which specified the application of Louisiana Law in connection with the right, responsibilities and duties of the parties under the contract. As a result, Louisiana Law applies to the causes of action asserted by Plaintiff herein.

### III.

For further answer, Plaintiff's cause of action for indemnity is barred under the Louisiana Oilfield Indemnity Act, LSA-R.S. 9:2780.  Such Act invalidates the indemnity provisions of the contract.

IV.

In the event the Court applies Texas law, then in that event, Defendants assert that the indemnity agreement fails to satisfy the requirements under Texas Oilfield Indemnity Act for mutual indemnity.  As such, to the extent such indemnity agreement is enforceable, which is denied, it constitutes a unilateral indemnity obligation and is subject to the limitations on indemnity for such agreements under the Texas Oilfield Indemnity Act.

WHEREFORE PREMISES CONSIDERED, Defendants **TANMAR RENTALS, LLC, TANMAR COMPANIES, LLC AND TANMAR COMMUNICATIONS, LLC** respectfully prays that Plaintiff take nothing by this suit, and that these Defendants be discharged with its costs and for such other and further relief, both general and special, at law and in equity, to which they may show itself justly entitled.

Respectfully submitted,

***NEWTON, JONES & SPAETH***

By:_____
H. Dwayne Newton
State Bar No. 14977200
3405 Marquart
Houston, Texas  77027
(713) 493-7620 - Telephone
(713) 493-7633 – Facsimile
dnewton@newton-lawyers.com

**ATTORNEYS FOR DEFENDANTS TANMAR RENTALS, LLC, TANMAR COMPANIES, LLC AND TANMAR COMMUNICATIONS, LLC**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this the 19th day of February, 2020, the foregoing document was served via eservice and if unavailable in accordance with the Texas Rules of Civil Procedure on the following counsel of record:

Robert D. Brown
Mark A. Youngjohn
**DONATO, MINX,**
**BROWN & POOL, P.C.**
3200 Southwest Freeway, Ste. 2300
Houston, TX 77027
bbrown@donatominxbrown.com
myoungjohn@donatominxbrown.com

**ATTORNEYS FOR PLAINTIFF**

_____
H. Dwayne Newton



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 20, 2020

Certified Document Number:        89500055 Total Pages: 3

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

3/2/2020 9:27 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 41278654
By: KATINA WILLIAMS
Filed: 3/2/2020 9:27 AM

Cause No. 2019-81520

| | | |
|---|---|---|
| TEXAS PETROLEUM INVESTMENT COMPANY | § § § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| v. | § § | |
| TANMAR RENTALS, LLC, TANMAR COMPANIES, LLC and TANMAR COMMUNICATIONS, LLC | § § § § | HARRIS COUNTY, TEXAS |
| Defendants | § § | |
| | § | 152nd JUDICIAL DISTRICT |

## DEFENDANT ZURICH AMERICAN INSURANCE COMPANY'S ORIGINAL ANSWER AND DEFENSES

Defendant Zurich American Insurance Company ("Zurich"), files its Original Answer and Defenses to Plaintiff's First Amended Petition, Requests for Disclosure and Jury Demand ("First Amended Petition") and would respectfully show the Court as follows:

### I.    GENERAL DENIAL

1.    As is its right pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant Zurich generally denies each and every allegation of Plaintiff's First Amended Petition and demands strict proof thereof.

### II.    OTHER DEFENSES

2.    Should additional defenses be necessary, Zurich pleads as follows:

3.    Plaintiff's claims are barred or limited, in whole or in part, by the following policy provisions in the policy issued by Zurich to TanMar Rentals, LLC:

> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy.
>
> . . .

SECTION I — COVERAGES COVERAGE A — BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in Section III — Limits Of Insurance; and

(2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments — Coverages A and B.

. . .

2. Exclusions

This insurance does not apply to:

. . .

b. Contractual Liability

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; or

(2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorneys fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(a) Liability to such party for, or for the cost of, that party s defense has also been assumed in the same "insured contract"; and

(b) Such attorneys fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

. . .

SECTION III --- - LIMITS OF INSURANCE

1. The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

a. Insureds;

b. Claims made or "suits" brought; or

c. Persons or organizations making claims or bringing "suits".

. . .

9. "Insured contract" means:

a. A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

b. A sidetrack agreement;

c. Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

d. An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

e. An elevator maintenance agreement;

f. That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

Paragraph f. does not include that part of any contract or agreement:

(1) That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing;

(2) That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

(a) Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

(b) Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or

(3) Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insureds rendering or failure to render professional services, including those listed in (2) above and supervisory, inspection, architectural or engineering activities.

. . .

SECTION IV — COMMERCIAL GENERAL LIABILITY CONDITIONS

. . .

b. If a claim is made or "suit" is brought against any insured, you must:

(1) Immediately record the specifics of the claim or "suit" and the date received; and

(2) Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c. You and any other involved insured must:

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

(2) Authorize us to obtain records and other information;

(3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

. . .

[To the extent Plaintiff qualifies as an additional insured, such coverage:]

(i) Only applies to the extent permitted by law; and

(ii) Will not be broader than that which you are required by the written contract or written agreement to provide for such additional insured.

. . .

The additional insured must see to it that:

(1) We are notified as soon as practicable of an "occurrence" or offense that may result in a claim;

(2) We receive written notice of a claim or "suit" as soon as practicable; and

(3) A request for defense and indemnity of the claim or "suit" will promptly be brought against any policy issued by another insurer under which the additional insured may be an insured in any capacity. This provision does not apply to insurance on which the additional insured is a Named Insured if the written contract or written agreement requires that this coverage be primary and non-contributory.

    4.     The Master Service Agreement ("MSA") between Plaintiff and TanMar Rentals, LLC further restricts and prohibits additional insurance coverage sought by Plaintiff. The MSA provides that TanMar Rentals, LLC shall provide "insurance coverages of the kind and in the minimum amounts, as follows:"

(b) Broad Form Commercial General Liability Insurance with a combined Bodily Injury and Property Damage Limits of at least $1,000,000 for each occurrence and $2,000,000 aggregate per policy, specifically including the following:

i) Contractual Liability to cover liabilities assumed under this Agreement,

. . .

(e) Excess Umbrella Liability Insurance over that required in Paragraph 6.1 (a), (b), (c), and (d) with minimum limits of $4,000,000 (in addition to the primary coverage) specifically including Contractor's Contractual Liability.

. . .

6.3 . . . Additionally, only for and to the extent Contractor assumes liability hereunder and agrees to indemnify Company, Company shall be named an additional insured in all such insurance policies (with exception of Workers' Compensation coverage) with all such insurance being primary to any insurance of Company that may apply to any such occurrence, accident or claim, but only for and to the extent Contractor assumes liability and agrees to indemnify Company hereunder. . . . The parties agree that the additional insured status and waivers of subrogation which Contractor obtains for

Company shall not protect or offer coverage to Company for the indemnity obligations or liabilities specifically allocated to Company in this Agreement or any other agreement, or for liabilities not addressed herein. . . . Contractor and Company agree that any insurance coverage which each obtains for the other does not prime, supersede or take precedence over the indemnity obligations which each owes to the other.

. . .

6.7 In order to comply with the public policy of Louisiana, Contractor shall procure and shall cause Company to be separately invoiced for the underwriting and premium costs of the waivers of subrogation and additional named insured endorsements required herein as well as specific named additional insured coverage. The amount charged to Company for the underwriting cost shall be requested at a rate based upon the gross revenues paid to Contractor for the work performed by Contractor under this Agreement and shall be separately calculated on an annual basis and paid by Company directly to Contractor's insurer or its designated agent. Payment by Company shall constitute an acknowledgement by the insurer that Company has borne the actual cost of the insurance coverage provided and is in compliance with Louisiana Revised Statutes 9:2780. Upon payment by Company of the underwriting costs on an annual audited basis, the underwriters shall be required by Contractor to acknowledge the existence of coverage as required by this Agreement for all occurrences during the applicable policy year, even though the payment may not yet have been issued or received by the underwriter prior to the date of the occurrence.

. . .

7. INDEMNITY

. . .

7.2 CONTRACTOR AGREES TO RELEASE, PROTECT, DEFEND, INDEMNIFY AND HOLD HARMLESS COMPANY, ITS OFFICERS, DIRECTORS, EMPLOYEES, JOINT OWNERS, AND THEIR INVITEES, AND ANY CUSTOMER FOR WHOM COMPANY IS PERFORMING SERVICES (HEREINAFTER COLLECTIVELY REFERRED TO AS "COMPANY GROUP") AND ALL OF COMPANY GROUP'S INSURERS, FROM· AND AGAINST ALL CLAIMS, DEMANDS, AND CAUSES OF ACTION OF EVERY KIND AND CHARACTER WITHOUT LIMIT AND WITHOUT REGARD TO THE CAUSE OR CAUSES THEREOF OR THE NEGLIGENCE, BREACH OF CONTRACT OR WARRANTY, OR FAULT (ACTIVE OR PASSIVE) OF ANY PARTY OR PARTIES INCLUDING THE SOLE, JOINT OR CONCURRENT NEGLIGENCE, INCLUDING GROSS NEGLIGENCE, OF COMPANY GROUP, ANY THEORY OF STRICT LIABILITY OR STATUTORY LIABILITY AND DEFECT OF PREMISES, OR THE UNSEAWORTHINESS OF ANY VESSEL (WHETHER OR NOT PREEXISTING THE DATE OF THIS CONTRACT), ARISING IN CONNECTION HEREWITH IN FAVOR OF CONTRACTOR, CONTRACTOR'S EMPLOYEES, CONTRACTOR'S SUBCONTRACTORS OR

THEIR EMPLOYEES, OR CONTRACTOR'S INVITEES ON ACCOUNT OF BODILY INJURY, DEATH OR DAMAGE TO PROPERTY.

5.      The MSA includes a choice of law clause that provides the MSA is governed by Louisiana law. Thus, the Louisiana Oil Field Anti-Indemnity Act applies to the MSA. TanMar complied with the MSA in respect to causing Plaintiff to be invoiced. Yet, Plaintiff failed to pay premiums for the additional insured coverage sought pursuant to the *Marcel* exception. The additional insured provisions are therefore null and void and of no force or effect. Additional insured coverage is barred.

6.      The contractual liability exclusion in the Policy applies to any contractual indemnity owed by Plaintiff to Big "6" under a separate agreement. Such agreement does not qualify as an "insured contract." Furthermore, coverage for such contractual indemnity is expressly excluded by the MSA and, in turn, excluded by the additional insured provisions in the Policy. Furthermore, Big "6" is not within the "Company Group" entitled to indemnity under the MSA and, in turn, is not required by the additional insured provisions in the Policy.

7.      To the extent Plaintiff is entitled to recover defense costs (which Zurich denies), such defense costs incurred prior to tender are barred under the voluntary payments provision.

8.      To the extent Plaintiff is otherwise entitled to a defense or indemnity from Zurich (which Zurich denies), Plaintiff is bound by the cooperation provisions. Any breach of those provisions excuses Zurich from performance.

9.      To the extent Plaintiff is otherwise entitled to indemnity from Zurich (which Zurich denies), such coverage would be limited to $1,000,000.

10.     To the extent Plaintiff is entitled to contractual indemnity from any of the TanMar entities (which Plaintiff denies), the additional insured coverage sought hereunder shall not prime, supersede or take precedence over such contractual indemnity.

### III.   RIGHT TO AMEND

11.     Defendant Zurich reserves the right amend its answer in accordance with the Texas Rules of Civil Procedure, including amending to include affirmative and other additional defenses.

### PRAYER

Defendant Zurich American Insurance Company prays that the Plaintiff Texas Petroleum Investment Company take nothing by its suit, and that Defendant Zurich recover its attorney's fees and costs together with such other and further relief to which it may be justly entitled.

Respectfully submitted,

_____/s/ Blair Dancy_____
Blair Dancy
State Bar No. 24001235
bdancy@cstrial.com
**CAIN & SKARNULIS PLLC**
400 W. 15th Street, Suite 900
Austin, Texas 78701
512-477-5000
512-477-5011—Facsimile
**ATTORNEYS FOR DEFENDANT
ZURICH AMERICAN INSURANCE
COMPANY**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been forwarded to all counsel of record in accordance with the Texas Rules of Civil Procedure on this 2nd day of March 2020, as follows:

| Method of Service | Party(ies) | Counsel |
|---|---|---|
| *Electronic service* | Plaintiff | Robert D. Brown<br>Mark A. Youngjohn<br>**DONATO, MINX, BROWN & POOL, P.C.**<br>3200 Southwest Freeway, Suite 2300<br>Houston, Texas 77027<br>bbrown@donatominxbrown.com<br>myoungjohn@donatominxbrown.com |
| *Electronic Service* | Defendants<br>TanMar Rentals, LLC,<br>TanMar Companies,<br>LLC, and TanMar<br>Communications, LLC | H. Dwyane Newton<br>**NEWTON, JONES & SPAETH**<br>3405 Marquart<br>Houston, Texas 77027<br>dnewton@newton-lawyers.com |

_____*/s/ Blair Dancy*_____
Blair Dancy